Opinion by Ford, J. In accordance with stipulation of counsel that the mer-chandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59407.**—Regal Accessories, Inc. *v.* United States, protests 224177–K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of articles of wearing apparel in chief value of silk the same in all material respects as those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

**No. 59408.**—John Remeny, Inc. *v.* United States, protest 229073–K (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the mer-chandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiff was sustained.

Before the Third Division, November 3, 1955

**No. 59409.**—United Sales Agency et al. *v.* United States, protests 262502–K, etc. (Louisville).

Opinion by Ekwall, J. For the reasons stated in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 59410.**—Silver Hill Products, Inc. *v.* United States, protest 247138–K (New York).

Opinion by Ekwall, J. An examination of the record failing to disclose any-thing that would warrant disturbing the action of the collector, which was pre-sumptively correct, the protest was overruled.